UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | CRIMINAL NO. 04-109-N-EJL |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **MEMORANDUM ORDER** |
| | ) | |
| CHARLES D. CAZIER, | ) | |
| | ) | |
| Defendant. | ) | |

Pending before the Court in the above-entitled matter are Defendant Charles D. Cazier's motion to sever counts, motion for a bill of particulars for count six, and motion to dismiss count six.[1] The indictment charges Mr. Cazier and Carmen Leann Wright with five counts of making a false statement and one count of mail fraud. (Dkt. No. 1). The co-defendant has joined in each of these motions. The Government has filed a response to the motions. In addition, Mr. Cazier has filed a request for notice of Rule 404(b) evidence.

Having fully reviewed the record herein, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process

---

[1] Mr. Cazier has also filed a motion to sever defendants for trial to which the government has responded. The Court has taken this motion under advisement.

**MEMORANDUM ORDER** - 1

would not be significantly aided by oral argument, this motion shall be decided on the record before this Court without oral argument.  Local Rule 7.1(d)(2).

### Discussion

1)   <u>Motion to Sever Counts</u>:

Defendant has filed a motion to sever all counts and hold a separate trial for each count. Because the evidence from one count is not admissible as to the other counts, the Defendant argues he will be prejudiced by the admission of evidence on all counts.  In particular the defense points to the anticipated testimony of Tanya Cazier regarding the mail fraud charge and Defendant's character which, the defense argues, is prejudicial to the false statement charges. The government opposes the motion.

Federal Rule of Criminal Procedure 8(a) allows for joinder of offenses where they are of "the same character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan."  Rule 14(a) provides relief from such joinder where "the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires."  District courts are afforded wide discretion in ruling on a severance.  <u>See</u> <u>United States v. Matus-Leva</u>, 311 F.3d 1214, 1217 (9th Cir. 2002).  "[T]he risk of prejudice posed by joint trials can be cured by proper jury instructions."  <u>United State v. Nelson</u>, 137 F.3d 1094, 1107 (9th Cir. 1998) (citing <u>Zafiro v. United States</u>, 506 U.S. 534, 540-41 (1993)).

The charges in this case are properly contained in a single indictment.  Many of the charges require the jury to apply the same elements to the evidence offered at trial.  The

**MEMORANDUM ORDER** - 2

elements and facts are not so difficult that a jury would not be able to easily compartmentalized the evidence as it relates to each charge. Given the proper instructions, the jury will be able to, as is their duty, apply the appropriate evidence to the elements of the crimes as they are instructed. As to the potential testimony of Tawnya Cazier, the Court is confident the jury can be properly instructed as to the application of any such testimony. Therefore, the motion to sever is denied.

2)      <u>Motion to Dismiss Count Six</u>:

Defendant argues count six fails to allege the essential elements of the crime charge and, therefore, should be dismissed. In particular, the defense contends count six fails to "set forth the knowledge requirement for mail fraud," fails to allege the Defendant knowingly or intentionally entered into the scheme and artifice, fails to contend the Defendant possessed an "intent to defraud," and, if the theory is fraud by false pretenses, the government has failed to allege materiality. (Dkt. No. 43, p. 3-4). Further, Defendant alleges that count six is not sufficiently particular as to the essential elements and facts of the charge. The government maintains that the language in the indictment tracks the statutory language and unambiguously sets for the elements of mail fraud. The government challenges the Defendant's reliance on certain cases involving the government's burden of proof as to the elements of the crime at trial; drawing a distinction between the required elements for a conviction at trial versus the sufficiency of an indictment.

Motions challenging the sufficiency of an indictment invoke Federal Rule of Criminal Procedure 7(c) which governs the nature and contents of an indictment and requires that "[t]he indictment...shall be a plain, concise and definite written statement of the essential facts

**MEMORANDUM ORDER** - 3

constituting the offense charged...shall state for each count the official or customary citation of the statute, rule, regulation or other provision of law which the defendant is alleged therein to have violated." Fed. R. Crim. P. 7(c).  "An indictment is sufficient if it contains the elements of the charged crime in adequate detail to inform the defendant of the charge, and to enable him to plead double jeopardy.  United States v. Morlan, 756 F.2d 1442, 1443 (9th Cir. 1985) (citing Hamling v. United States, 418 U.S. 87, 117 (1974)).  "Two corollary purposes of an indictment are '(1) to ensure that the defendants are being prosecuted on the basis of facts presented to the grand jury, and (2) to allow the court to determine the sufficiency of the indictment.'" Id. (quoting Buckley, 689 F.2d 893, 896 (9th Cir. 1982) (citations omitted)).  "To serve each of these functions, the indictment must allege the elements of the offense charged and the facts which inform the defendant of the specific offense with which he is charged." United States v. Lane, 765 F.2d 1376, 1380 (9th Cir. 1985) (citing Russell v. United States, 369 U.S. 749, 763 (1962) (citations omitted)).

"On a motion to dismiss the indictment, the allegations contained therein must be taken as true."  United States v. Bellomo, 263 F.Supp. 2d 561, 579 (E.D. N.Y. 2003) (citing United States v. Goldberg, 756 F.2d 949 (2d Cir. 1985)); United States v. Lamb, 150 F.Supp. 310, 312 (N.D. Cal. 1957) ("On a motion to dismiss an Indictment on the ground that it fails to state facts sufficient to constitute an offense against the United States, this Court is bound to accept as true all well pleaded facts set forth in the Indictment.") (citations omitted).  "What the Government will be able to prove at a trial is one thing, but what is charged in the Indictment is quite another.  It is only the latter with which the Court is now concerned on a motion to dismiss." Lamb, 150 F.Supp. at 312.

**MEMORANDUM ORDER** - 4

In order to be convicted of mail fraud in violation of 18 U.S.C. § 1341 the government must prove 1) the defendant made up a scheme or plan for obtaining money or property by making false promises or statements, 2) the defendant knew the promises or statements were false, 3) the promises or statements were material, 4) the defendant acted with the intent to defraud, and 5) the defendant used or caused to be used the mails to carry out or attempt to carry out an essential party of the scheme.  See Ninth Cir. Model Crim. Jury Inst. 8.101.

The language of the indictment in this case tracks the statutory language of § 1341 and provides a detailed accounting of the scheme and artifice alleged by the government.  While the Court understands the defense's desire to narrow the scope of the charges for trial, the indictment in this case serves the purposes of Rule 7 and adequately informs the Defendant of the charges and the factual basis making up those charges.  Therefore, the motion to dismiss is denied.

3)      Motion for a Bill of Particulars for Count Six:

Defendant seeks a bill of particulars on count six in this case arguing the government is not clear as to what theory of prosecution it is pursuing on the mail fraud count.  The motion notes that "[w]ithout a particular and clear statement" as to which of the two theories for mail fraud the government will be pursuing the Defendant is unable to prepare an effective defense. The government opposes the motion.

Rule 7 governs the use, procedure, and contents of an indictment and/or information. Fed. R. Crim. P. 7.  An indictment must be "a plain, concise and definite written statement of the essential facts constituting the offense charged" and include the citation to the statute, rule, regulation or other provision of law which the defendant is alleged to have violated.  Fed. R.

**MEMORANDUM ORDER** - 5

Crim. P. 7(c)(1). Rule 7(f) provides that "[t]he court may direct the filing of a bill of particulars...as the court may permit." A Bill of Particulars should enable a defendant to prepare an adequate defense and to protect against a second prosecution for the same offense. United States v. Inryco, Inc., 642 F.2d 290, 295 (9th Cir. 1981) (citing Cook v. United States, 354 F.2d 529, 521 (9th Cir. 1965)). The purpose of a bill of particulars is to protect a defendant against a second prosecution for an inadequately described offense and enable him to prepare an adequate defense. Duncan v. United States, 392 F.2d 539, 541 (9th Cir. 1968) (citing Remmer v. United States, 205 F.2d 277 (9th Cir. 1953)). It is designed to appraise the defendant of the specific charges being presented to minimize danger of surprise at trial, to aid in preparation and to protect against double jeopardy. United States v. Long, 706 F.2d 1044, 1054 (9th Cir. 1983) (citations omitted). In determining if a bill of particulars should be ordered in a specific case, a court should consider whether the defendant has been advised adequately of the charges through the indictment and all other disclosures made by the Government. Id. at 1054 (9th Cir. 1983) (citing United States v. Giese, 597 F.2d 1170, 1180 (9th Cir. 1979)). Full discovery will obviate the need for a bill of particulars. Id. (citing United States v. Clay, 476 F.2d 1211, 1215 (9th Cir. 1973)).

Count six of the indictment alleges mail fraud in violation of 18 U.S.C. § 1341 and states that the Defendants executed a scheme and artifice as follows:

> 1. In connection with a loan executed by Countrywide Home Loans, loan number 0866135 in the amount of $96,400.00, the Defendants would and did supply false and fictitious documents in order to influence Countrywide Home Loans into lending money to the Defendants.
>
> 2. The Defendants would and did represent to Countrywide Home Loans the borrower for the above reference loan was Tawnya

**MEMORANDUM ORDER** - 6

>      Cazier.
>
> 3.   The Defendants would and did supply Countrywide Home Loans with false income information regarding Tawnya Cazier.

The indictment goes on to state that on May 30, 2000 the Defendants aided and abetted each other in the above scheme in order to "to obtain money or property by means of false pretenses, for the purpose of executing and in order to effect the scheme ... did knowingly cause to be sent, delivered and moved by the United States Postal Service a letter from North Idaho Title to Countrywide Home Loans, dated May 26, 2000 which had enclosed the Title Commitment prepared in connection with the above referenced loan." (Dkt. No. 1, p. 4).

Defendant argues the two theories of this charge, a "scheme to defraud" and "obtaining money or property by false or fraudulent pretenses," are both alleged in the indictment. The motion asks that the government state their theory of prosecution along with the supporting facts. The government, however, asserts that the charge satisfies Rule 7 as it includes the necessary elements and essential facts along with a citation to the charging statute. In addition, the government notes that extensive discovery has been provided to the defense coupled with the specificity of the indictment are sufficient to provide the defense with the requisite notice.

Based on the foregoing and being fully advised in the premises, the Court finds that the indictment is sufficiently particular to allow Defendant to prepare an adequate defense. The indictment incorporates the statutory language and states facts which the government alleges make up the elements of the crimes charged. The indictment in this case satisfies Rule 7. Further, the government has provided full discovery to the defense. The motion is denied.

4)   Request for Notice of Rule 404(b) Evidence:

Defendant has filed a formal request asking the government to provide written notice of

**MEMORANDUM ORDER** - 7

the evidence it intends to proffer for admissibility pursuant to Federal Rule of Criminal Procedure 404(b). Specifically, Defendant asks that the government state what evidence it intends to admit and state under what theory it intends to offer such evidence. The government has not filed a response to the notice.

Federal Rule of Evidence 404(b) excludes evidence of prior bad acts if it is offered to show that the defendant acted "in conformity therewith." Fed. R. Evid. 404(b). In other words, evidence of prior bad acts is not admissible merely to show a propensity for criminal behavior. Evidence that might otherwise be excluded, however, is admissible to prove "motive, intent, preparation, plan, knowledge, identity, or absence of mistake." Id. Evidence is admissible under these exceptions if it: (1) tends to prove a material element of the crime; (2) is similar to a charged offense; (3) is supported by sufficient evidence; and (4) is not too remote in time. United States v. Danielson, 325 F.3d 1054, 1074 (9th Cir. 2003) (citation omitted). As with all evidence, the probative value of the evidence of the prior bad acts must outweigh its prejudicial effect. Id. (citing Fed. R. Evid. 403).

The procedural order entered in this case provides that Rule 404(b) evidence in the possession of the government shall be disclosed and made available to the defense by the government within seven calendar days from the date of the arraignment on the indictment when so requested by the defendant. (Dkt. No. 9, p. 2). Any such evidence later discovered by the government shall be produced as soon as practicable after its discovery, but at a minimum for the defendant to make effective use of it at trial. (Dkt. No. 9, p. 2). As stated in the procedural order, the order confers only those rights and obligations as are provided in the Federal Rules of Criminal Procedure and Federal Rules of Evidence, nothing more.

**MEMORANDUM ORDER** - 8

It appears this motion is simply the Defendant's effort to comply with the "request" language of Rule 404(b). As noted above, the procedural order addresses the Rule 404(b) requirements and essentially grants the Defendant the relief which he seeks in the instant motion and evidences the defense's Rule 404(b) request. The Court, therefore, will deem this motion moot as it was previously covered by the procedural order. The Court will reserve its ruling on particular evidence until such time as the Defendant raises an objection to specific evidence at trial.

## ORDER

Based on the foregoing and being fully advised in the premises, the Court **HEREBY ORDERS** as follows:

1) Motion to Sever Defendants (Dkt. No. 38, 49) is **UNDER ADVISEMENT**.

2) Motion to Sever Counts (Dkt. Nos. 40, 50) is **DENIED**.

3) Motion to Dismiss Count Six (Dkt. No. 42, 47) is **DENIED**.

4) Motion for a Bill of Particulars for Count Six (Dkt. No. 44, 48) is **DENIED**.

5) Request for Notice of Rule 404(b) Evidence (Dkt. No. 46) is **MOOT**.

DATED: **July 29, 2005**

Honorable Edward J. Lodge
U. S. District Judge

**MEMORANDUM ORDER** - 9