
UNITED STATES DISTRICT COURT
DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | CR-04-109-N-EJL |
| ) | |
| vs. ) | MEMORANDUM ORDER |
| ) | |
| CHARLES D. CAZIER, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Pending before the Court in the above-entitled matter is Defendant Charles D. Cazier's Motion to Sever Defendants. The Court previously took the motion under advisement. (Dkt. No. 88). The Defendant Cazier has filed a motion renewing his request to sever Defendants. Having fully reviewed the record herein, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, this motion shall be decided on the record before this Court without oral argument. Local Rule 7.1.

**Analysis**

The indictment in this case charges both Defendants with five counts of making a false statement and one count of mail fraud. (Docket No. 1). Mr. Cazier's motion asserts a severance is necessary for two reasons: 1) the co-Defendants will present mutually antagonistic defenses and 2) the evidence to be offered will violate Mr. Cazier's Sixth Amendment confrontation right. In particular, Mr. Cazier points to the testimony of FBI Agent Dunton regarding statements made by his wife and co-Defendant, Carmen Wright, which he argues directly implicates him and support Ms. Wright's defense which will be to place "the blame for any wrongdoing on Mr. Cazier." (Dkt.

MEMORANDUM ORDER - 1

No. 39, p. 1). Ms. Wright has joined in the motion noting that her intended arguments would cause "extreme prejudice" to Mr. Cazier. (Dkt. No. 49). The Government maintains that severance of the Defendants is unnecessary because the indictment alleges that both Defendants were involved in the crimes and acted together to effectuate those crimes. Moreover, the Government argues the Defendant has failed to show prejudice warranting severance nor any evidence that a Bruton issue exists.

I.   Mutually Antagonistic Defenses:

"It is difficult to obtain severance on the basis of a mutually antagonistic defense claim...antagonism between defenses or the desire of one defendant to exculpate himself by inculpating a codefendant ... is insufficient to require severance." United States v. Johnson, 297 F.3d 845, 858 (9th Cir. 2002) (citing and quoting United States v. Throckmorton, 87 F.3d 1069, 1072 (9th Cir. 1996) (quotations omitted). "To be entitled to severance on the basis of mutually antagonistic defenses, a defendant must show that the core of the codefendant's defense is so irreconcilable with the core of his own defense that the acceptance of the codefendant's theory by the jury precludes acquittal of the defendant." United States v. Rashkovski, 301 F.3d 1133, 1138 (9th Cir. 2002) (quoting Throckmorton, 87 F.3d at 1072). This standard has not been satisfied here.

There has been no showing at this point that acceptance of Ms. Wright's anticipated defense placing the blame upon Mr. Cazier would preclude the jury the from finding Mr. Cazier not guilty of the charges based upon his own defense. Ms. Wright's statements to the agents, as reflected in the transcript, do not implicate Mr. Cazier. Further, the argument that Ms. Wright trusted and relied upon her husband, Mr. Cazier, does not necessarily require the jury to find that Mr. Cazier was also

MEMORANDUM ORDER - 2

guilty of the crimes.[1]

Further, the Court finds Defendant Cazier has failed to presented evidence of a serious risk that a joint trial would prejudice his right to a fair trial and that the jury would be unable to make a reliable judgment about the guilt or innocence of each Defendant separately. Neither the statements nor anticipated defense of Ms. Wright are prejudicial such that they cannot be tried together. Rule 8(b) allows multiple defendants to be charged in the same indictment "if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense...." The Ninth Circuit has determined that this rule "should be construed broadly in favor of initial joinder." United States v. Golb, 69 F.3d 1417 (9th Cir. 1995) (citation omitted). "The term 'transaction' is interpreted flexibly, and whether a 'series' exists depends on whether there is a 'logical relationship' between the transactions." United States v. Vasquez-Velasco, 15 F.3d 833 (9th Cir. 1994) (citation omitted). Joinder of charges against multiple defendants is particularly appropriate when the charges involve substantially overlapping evidence. Id. at 843. Mere factual similarity between the events is not a sufficient basis for joinder,[citation omitted], nor is the mere showing that the events occurred at about the same time or that the acts violated the same statute. Id. (citing United States v. Satterfield, 548 F.2d 1341, 1344 (9th Cir. 1977)). A logical relationship is typically shown "by the existence of a common plan, scheme, or conspiracy." Id. (citations omitted).

Joinder is generally favored because it promotes efficiency, United States v. Tootick, 952 F.2d 1078, 1080 (9th Cir. 1991), however, Rule 14 provides that the trials may be severed when it is apparent that a joint trial would cause prejudice. United States v. Mayfield, 189 F.3d 895 (9th Cir.

---

[1] Mr. Cazier's motion also states that Ms. Wright's defense would infringe upon his right to decide whether or not he should testify and that the evidence is more prejudicial because the co-Defendants are married. (Dkt. No. 4). This statement is made without supporting citation. A defendant's decision about whether or not to testify is at all times his or her own choice; a right guaranteed by the Fifth Amendment. The motion here has presented no evidence that the Defendant's Fifth Amendment rights have been violated.

MEMORANDUM ORDER - 3

1999). The Supreme Court has held that "when defendants have been properly joined under Rule 8(b), a district court should grant severance under Rule 14 only if there is serious risk that a joint trial would prejudice a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." Id. (quoting Zafiro v. United States, 506 U.S. 534, 539 (1993)).

Rule 14 sets a high standard for a showing of prejudice requiring a party to show such "'clear,' 'manifest,' or 'undue' prejudice from the joint trial, that [it] violates one of his substantive rights, so that the prejudice is of 'such a magnitude that the defendant was denied a fair trial.'" United States v. Vasquez-Velasco, 15 F.3d 833 (9th Cir. 1994) (citing United States v. Felix-Gutierrez, 940 F.2d 1200, 1209 (quoting United States v. Conners, 825 F.2d 1384, 1391 (9th Cir. 1987)). In assessing whether joinder was prejudicial, of foremost importance is whether the evidence as it relates to the individual defendants is easily compartmentalized. Id. (citation omitted). Central to this determination is the trial judge's diligence in instructing the jury on the purpose of the various types of evidence. Id. (citations omitted).

In reviewing a district court's ruling assessing whether a defendant has shown prejudice from joinder, the Ninth Circuit has delineated certain guidelines. See United States v. Catabran, 836 F.2d 453, 460 (9th Cir. 1988)(citing United States v. DeRosa, 670 F.2d 889 (9th Cir. 1982)). The guidelines suggests dividing the evidence presented into three categories: (1) incriminating evidence against defendant admissible even in a separate trial; (2) incriminating evidence inadmissible against defendant in a separate trial, but admitted with a limiting instruction in the joint trial; and (3) evidence inadmissible in a separate trial, not expressly related to the complaining defendant's guilt, but which creates a risk of guilt by association. Id. at 460. The court should also consider "the complexity of the case, the total weight of the evidence against each defendant, and the effectiveness of the jury instructions." Id. Of primary concern is the jury's ability to compartmentalize the

MEMORANDUM ORDER - 4

evidence against each defendant given its volume and limited admissibility. Id.   Ultimately, the question is whether the jury "could follow the court's instructions and appraise the evidence against each defendant separately." Id. (citing United States v. Hsieh Hui Mei Chen, 754 F.2d 817, 823 (9th Cir. 1985)).

The charges in this case are the same as to both Defendants as is the evidence that will be offered to support those charges.  Mr. Cazier argues the fact that the co-defendants are married makes their joint trial more prejudicial and makes a passing argument that some of the evidence would only be admissible as to one of the Defendants and not the other is prejudicial. (Dkt. No. 39, p. 3). The Court disagrees. The fact that the co-Defendants are married does not make trying them jointly any more or less prejudicial than any other set of co-Defendants.  It is but one factor the jury will have before them.  As to the admissibility of evidence, the Court makes no determination at this time regarding what evidence may or may not be admitted at trial.  The motion does not provide any basis upon which the Court could determine whether there exists prejudicial evidence which would be admissible as to one defendant and not the other such that a severance is required.  Accordingly, the Court will deny the motion.

II.     Sixth Amendment:

The second basis for severing points to Ms. Wright's statements to FBI Agent Kevin Dunton. A "defendant is deprived of his Sixth Amendment right of confrontation when the facially incriminating confession of a nontestifying codefendant is introduced at their joint trial, even if the jury is instructed to consider the confession only against the codefendant." Bruton v. United States, 391 U.S. 123, 135-36 (1968) ("[T]here are some contexts in which the risk that the jury will not, or cannot, follow instructions is so great, and the consequences of failure so vital to the defendant, that the practical and human limitations of the jury system cannot be ignored. Such a context is presented here, where the powerfully incriminating extrajudicial statements of a codefendant, who stands

MEMORANDUM ORDER  -  5

accused side-by-side with the defendant, are deliberately spread before the jury in a joint trial...."). The Bruton rule extends also to redacted confessions in which the name of defendant is replaced with obvious indication of deletion, such as blank space, word "deleted," or similar symbol. Gray v. Maryland, 523 U.S. 185 (1998).

The statements at issue in this case occurred when FBI Agent Dunton approached Ms. Wright at her place of employment and confronted her with the allegedly false forms and notified her that an investigation was underway to which, he testified, that Ms. Wright because physically upset and stated "this is my husband you're talking about, right?" (Dkt. No. 39, Att. A, pp. 8, 24-25). The testimony went on to describe that Ms. Wright stated that she had "put her trust in [her husband]" and that "she thought that he knew what she was doing and that it would be okay." (Dkt. No. 39, Att. A, pp. 8, 25). These statements do not invoke the Sixth Amendment nor do they form a basis for severing the Defendants in this case. As the Ninth Circuit has recognized "Under Bruton and its progeny, the admission of a statement made by a non-testifying codefendant violates the Confrontation Clause when that statement facially, expressly, clearly, or powerfully implicates the defendant." United States v. Angwin, 271 F.3d 786, 796 (9th Cir. 2001) (citing Bruton, 391 U.S. at 135-36; Richardson v. Marsh, 481 U.S. 200, 208 (1987) (limiting Bruton to statements that are incriminating on their face or expressly incriminating since statements that only become incriminating when linked with other evidence are inherently less prejudicial)(citation omitted). "A statement is not facially incriminating merely because it identifies a defendant; the statement must also have a sufficiently devastating or powerful inculpatory impact to be incriminatory on its face." Id. (citations and quotations omitted). The statements made by Ms. Wright as conveyed in the testimony of Agent Dunton are not "facially incriminating confessions" of Mr. Cazier and their admission does not violate the Sixth Amendment.

MEMORANDUM ORDER - 6

**ORDER**

Being fully advised in the premises the Court HEREBY **DENIES** Defendant Charles Cazier's motion for severance of Defendants. (Docket Nos. 39, 88).

**IT IS SO ORDERED.**



DATED: **April 11, 2007**

~~Honor~~able Edward J. Lodge
U. S. District Judge

MEMORANDUM ORDER - 7